UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: MOTION TO QUASH SUBPOENA ISSUED TO NON-PARTY JPMORGAN CHASE BANK, N.A. | ) ) ) ) 1:17-mc-00069-JMS-TAB ) ) |

**ORDER**

This matter involves a subpoena (the "Chase Subpoena") issued by the United States (the "Government") to a non-party, JPMorgan Chase Bank, N.A. ("Chase") related to the bank records of Badlands NGLs LLC ("Badlands"). Badlands moved to quash the Chase Subpoena in this Court, and the Government has now moved to transfer this matter to the United States District Court for the District of South Carolina. The Motion to Transfer, [Filing No. 10], is now ripe for the Court's decision.

**I.**
**BACKGROUND**

The Government initiated litigation against William Gilliam in the United States District Court for the District of South Carolina to collect unpaid federal income tax liabilities for tax years 1993 and 1995 (the "Underlying Lawsuit"). [Filing No. 10 at 2.] The District of South Carolina entered judgment in favor of the Government and against Mr. Gilliam in the Underlying Lawsuit for $7,683,217.19, and that amount will continue to accrue interest and statutory penalties until it has been paid in full. [Filing No. 10 at 2.] The United States has started efforts to collect the judgment entered against Mr. Gilliam in the Underlying Lawsuit, after he has refused to remit payment and has not made "an acceptable offer to resolve the judgment against him." [Filing No.

10 at 3.] The Government's collection efforts have led to Badlands, which the Government describes as "a venture founded by Mr. Gilliam, which currently employs him as its Chief Executive Officer." [Filing No. 10 at 3.]

On July 7, 2017, the Government issued the Chase Subpoena to Chase, requesting the records of any Badlands' accounts. [Filing No. 10 at 3.] Badlands objected to the scope of the Chase Subpoena, stating that it needed to protect confidential trade secrets and commercial information. [Filing No. 10 at 3.] After attempts to resolve Badlands' objections failed, Badlands filed a Motion to Quash Non-Party Subpoena in this Court on October 4, 2017. [Filing No. 2.]

On October 25, 2017, the Government filed a Motion to Transfer Badlands' Motion to Quash to the District of South Carolina. [Filing No. 10.] While Chase does not object to the Government's motion, Badlands objects to transfer of the Motion to Quash. [Filing No. 10 at 1.] The Motion to Transfer is now ripe for the Court's decision.[1]

In the meantime, Badlands also moved to quash a subpoena issued by the Government directly to Badlands, for documents in the possession of Badlands (the "Colorado Subpoena"), in the United States District Court for the District of Colorado (the "Colorado Action"). [*See* Filing No. 10-1.] As was the Chase Subpoena, the Colorado Subpoena was issued by the District of South Carolina. [Filing No. 10-1 at 26.] In the Colorado Action, the Government moved to transfer Badlands' Motion to Quash pending there to the District of South Carolina, and the United

---

[1] The Court originally granted the Government's Motion to Transfer before Badlands' time to respond had expired under Local Rule 7-1. [Filing No. 12.] Subsequently, Badlands filed a Motion for Reconsideration, requesting that it be given a chance to respond to the Motion to Transfer. [Filing No. 14.] The Court granted Badlands' Motion for Reconsideration, Badlands has now filed a response to the Motion to Transfer, [Filing No. 18], and the Government has now filed a reply, [Filing No. 19].

States District Court for the District of Colorado recently granted the Government's Motion to Transfer. [Filing No. 20-1.]

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances… To enforce its order, the issuing court may transfer the order to the court where the motion was made." The Seventh Circuit Court of Appeals has explained that "[b]y allowing for transfers, Rule 45(f) allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals." *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017). The Advisory Committee note to Rule 45(f) provides some insight as to what constitutes "exceptional circumstances":

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

## III.
### DISCUSSION

In support of its Motion to Transfer, the Government argues that the non-party to whom the subpoena was issued, Chase, consents to transfer of this case to the District of South Carolina. [Filing No. 10 at 4.] The Government also argues that, in any event, exceptional circumstances exist here which warrant transfer, including that transfer may mitigate the risk of inconsistent rulings on the Motion to Quash pending in this Court and the Motion to Quash that was pending in

the Colorado Action (but has now been transferred to the District of South Carolina). [Filing No. 10 at 5-10.] The Government also contends that "the issuing court's familiarity with the litigants puts it in a better position to rule on the issues presented by the motions to quash." [Filing No. 10 at 5; Filing No. 10 at 7-8.]

In response, Badlands argues that the Government has not adequately shown that Chase consents to transfer, and that Badlands' opposition to transfer should be considered even though it is not the party to whom the subpoena was issued. [Filing No. 18 at 5-7.] It also asserts that the risk of inconsistent rulings on the Motion to Quash pending here and the Motion to Quash now pending in the District of South Carolina "is not necessarily an end in itself, and the Government has not offered any reason why it would be harmed by such hypothetical inconsistent rulings." [Filing No. 18 at 8.] It argues that it, and not the Government, would be harmed by inconsistent rulings since it "must win both motions to protect its confidential commercial information." [Filing No. 18 at 8.] Badlands also argues that there is no risk that this Court's decision on the Motion to Quash would interfere with the Underlying Litigation. [Filing No. 18 at 9-10.] Badlands contends that it attempted to reach agreements with the Government regarding the subpoenas, but that the Government would not agree to its proposals, so the Government's argument regarding judicial efficiency should be rejected. [Filing No. 18 at 11.] Badlands also asserts that the District of South Carolina is not necessarily in a better position to decide the Motion to Quash, particularly since Badlands was never a party to the Underlying Litigation. [Filing No. 18 at 12.] Finally, Badlands asserts that its interest in litigating the Motion to Quash in this Court – which includes not having to hire South Carolina counsel – outweighs any factors that favor transfer. [Filing No. 18 at 13-14.]

In reply, the Government reiterates its arguments.

### A. Effect of Chase's Consent

Rule 45(f) provides that a court may transfer a subpoena-related motion "if the person subject to the subpoena consents…." Here, Chase is the "person subject to the subpoena" and not Badlands. Badlands admits in its response brief that it has not been able to provide legal authority supporting the notion that an entity that is not subject to the subpoena, but has filed a motion to quash, must consent to transfer. [Filing No. 18 at 5.] The Court has not found any cases within the Seventh Circuit considering that issue either. The plain language of Rule 45(f), however, appears to authorize the Court to transfer the Motion to Quash based on Chase's consent to transfer alone. [*See* Filing No. 19-1 at 1.] In any event, as discussed below, the Court also finds that exceptional circumstances are present here that warrant transfer.

### B. Exceptional Circumstances

District courts within the Seventh Circuit have found that exceptional circumstances exist warranting transfer where "a ruling on the motion to quash could be inconsistent with the rulings of the issuing court or involves determination of a question central to the pending litigation…." *Animal Legal Defense Fund v. United States Food & Drug Administration*, 2017 WL 3580136, *2 (N.D. Ind. 2017). Transfer may also be appropriate where it would allow for "consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals." *P.H. Glatfelter Co.*, 847 F.3d at 458 (citing *United States v. Nixon*, 418 U.S. 683, 690 (1974)).

The Court finds that exceptional circumstances exist here which justify transfer of the Motion to Quash to the District of South Carolina. First, the circumstances surrounding the Motion to Transfer have changed since the parties filed their briefs. Specifically, the District of Colorado granted the Government's Motion to Transfer the Motion to Quash the Colorado Subpoena to the

District of South Carolina. This is significant because transferring the Motion to Quash in this case would allow one Court – the District of South Carolina – to decide both motions, thus promoting judicial efficiency, ensuring against inconsistent results, and avoiding piecemeal litigation. *P.H. Glatfelter Co.*, 847 F.3d at 458.

Second, the Court notes that the Underlying Litigation has a long history which the Government claims has included "Mr. Gilliam spen[ding] two decades using every conceivable procedural device to dodge, delay, and deny his income tax liabilities." [Filing No. 10 at 2.] The Chase Subpoena relates to the Government's efforts to collect a judgment in the Underlying Litigation representing those income tax liabilities. While Badlands argues that it is an entity separate from Mr. Gilliam, the Court finds significant the fact that Mr. Gilliam founded Badlands and is its Chief Executive Officer. [*See* Filing No. 10 at 3.] To the extent that Mr. Gilliam's history in connection with the Underlying Litigation, including any history of hiding assets or engaging in certain litigation tactics, is relevant to the Chase Subpoena, the District of South Carolina is a more appropriate forum for resolving the Motion to Quash.

Finally, the Court does not find persuasive Badlands' only argument supporting its interest in litigating the Motion to Quash here: that it has engaged local counsel. [Filing No. 18 at 13.] Badlands presumably has hired counsel to handle proceedings related to the Colorado Subpoena in the District of South Carolina. Transferring the Motion to Quash the Chase Subpoena will actually lessen Badlands' burden by consolidating litigation related to the two subpoenas in one Court and allowing it to be represented by one counsel.

The Court finds that exceptional circumstances, including avoiding the risk of inconsistent results and transferring the Motion to Quash to a Court that is familiar with issues that may be

relevant to the outcome of the Motion to Quash, warrants transferring this matter to the United States District Court for the District of South Carolina.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Court **DECLINES TO CONSIDER** Badlands' Motion to Quash, [2], and **GRANTS** the United States' Motion to Transfer Badlands NGLs LLC Motion to Quash Non-Party Subpoena, [10]. The Clerk is **DIRECTED** to transfer this matter to the United States District Court for the District of South Carolina, Charleston Division.

Date: 12/28/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**